**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11309
Non-Argument Calendar
_____

JAY ALAN MEEKS,

*Plaintiff-Appellant,*

*versus*

HOLMES CORRECTIONAL INSTITUTION,
E. SPRECHER,
  Sgt,
ALL OTHER STAFF,
  Present on Night of Sep 27, 2024,
NEWDIGGER,
  Sgt,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:24-cv-00233-AW-MJF
_____

Before JORDAN, JILL PRYOR, and KIDD, Circuit Judges.

PER CURIAM:

Jay Alan Meeks, a Florida prisoner proceeding *pro se*, appeals the dismissal without prejudice of the complaint he filed against corrections officers at the prison where he was incarcerated. To draft his complaint, Meeks used a form from the Northern District of Florida, which required him to answer questions about his litigation history. The district court found that he failed to provide complete responses to these questions and then dismissed his complaint without prejudice as a sanction. Because Meeks's failure to provide a complete answer about his litigation history violated the district court's rules and orders, the court had discretion to dismiss his lawsuit without prejudice. Accordingly, we affirm.

**I.**

In late September 2024, Meeks reported to corrections officers at the facility where he was incarcerated that he feared for his life because another prisoner was planning to stab him.[1] According to Meeks, the corrections officers took no action against the other prisoner. Instead, they brought Meeks in front of prisoners in his dorm and told them to make him "feel at home," which he understood to be a threat. Doc. 5 at 5.[2] Fearing that other prisoners

---

[1] In setting forth the facts, we have accepted the well-pleaded allegations in the complaint as true and viewed them in the light most favorable to Meeks. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016).

[2] "Doc." numbers refer to the district court's docket entries.

would attack him, Meeks grabbed a broom and broke the broomstick, intending to use it to protect himself. A corrections officer directed him to put the broomstick down. Meeks says that as he was placing it down, an officer sprayed him in the face and body with an unidentified substance. After being sprayed, he suffered from difficulty breathing and respiratory issues, and his eyes and skin burned.

A few days later, Meeks, proceeding *pro se*, filed in the Northern District of Florida a document titled "Emergency Restraining Order and Injunction." Doc. 1 at 1. In that filing, he described the incident at the prison. He further alleged that another inmate had put a "hit" on him and he feared that he would be harmed or killed. *Id*. at 2. Meeks asked the court to grant emergency relief in the form of a restraining order that required prison officials to place him in protective custody and barred them from placing him in the prison's general population. He also requested that the court send him a copy of the form for a § 1983 civil rights complaint.

A magistrate judge screened Meeks's filing. He directed Meeks to "file a complaint on the court-approved form" and to either pay the filing fee or submit a motion to proceed *in forma pauperis*. Doc. 3 at 2. The magistrate judge directed Meeks to "answer[] each question on the complaint form, including those about his litigation history[,] honestly and accurately." *Id*. The judge warned that a "misrepresentation regarding [Meeks's] litigation history likely will result in dismissal of this civil action." *Id*. The magistrate judge concluded his order by directing the clerk to send Meeks a

copy of the court's form for "a civil rights complaint for use by prisoners." *Id*. at 4.

Meeks filed a complaint using the Northern District of Florida's form for *pro se* prisoners bringing § 1983 claims. Along with his complaint, he filed a motion seeking leave to proceed *in forma pauperis*. In the complaint, Meeks described the prison incident. He named as defendants the corrections officers who were present during the incident and brought claims against them under 42 U.S.C. § 1983 for excessive force, failure to intervene, and deliberate indifference.

A section of the complaint form asked about Meeks's litigation history. The instructions for this section warned that "failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Doc. 5 at 7. One question asked whether Meeks had filed "any case in federal court, including federal appellate court" that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." *Id*. at 8. He answered no. Another question asked whether Meeks had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement." *Id*. at 9. He answered yes and identified one lawsuit: *Meeks v. Department of Corrections*, 1:20-cv-171, which he filed in the Northern District of Florida and had been dismissed for lack of jurisdiction. Meeks signed his complaint and certified, "under penalty of

perjury," that "all of the information" in the complaint, including his "litigation history," was "true and correct." *Id.* at 11.

The magistrate judge screened the complaint to determine whether the district court should dismiss the complaint as frivolous, malicious, or for failure to state a claim for relief. *See* 28 U.S.C. § 1915A(b). The magistrate judge found that Meeks failed "to disclose honestly and accurately his litigation history." Doc. 15 at 1. First, he did not disclose that he had filed a habeas petition in the Northern District of Florida challenging his state conviction or that he had appealed the dismissal of the petition to this Court. *See Meeks v. Sec'y, Dep't of Corr.*, No. 17-11984, 2017 WL 9287498 (11th Cir. Nov. 29, 2017) (unpublished) (denying Meeks a certificate of appealability regarding the dismissal of his habeas petition). Second, he failed to disclose that he had previously filed a civil lawsuit, *Meeks v. Clerk of Court for Warren County Chancery Court*, in the Northern District of Florida, which had been transferred to the Eastern District of Tennessee and then voluntarily dismissed. The magistrate judge determined that Meeks should have disclosed (1) his habeas petition and appeal in response to the question asking whether he had filed any habeas petition or appeal challenging his conviction and (2) the civil lawsuit in *Meeks v. Clerk of Court* in response to the question about whether he had filed a lawsuit in federal court that was dismissed before service.

Because Meeks failed "to disclose honestly and accurately his litigation history," the magistrate judge recommended that the district court dismiss the complaint "as malicious, under 28 U.S.C.

§ 1915A(b)(1) and § 1915(e)(2)(B)(i)." Doc. 15 at 1. The magistrate judge further advised that the district court could dismiss the complaint pursuant to its "inherent power." *Id.* at 7. The magistrate judge explained that the penalty of dismissal without prejudice was warranted to deter Meeks and others from engaging in similar conduct in the future. And the magistrate judge noted that because the underlying incident allegedly occurred in September 2024 and a four-year statute of limitations applied to § 1983 claims, a dismissal without prejudice "likely would not preclude [Meeks] from refiling the action in the near future." *Id.* at 10.

Meeks objected to the recommendation. He admitted that he should have disclosed in his complaint that he previously had filed a habeas petition and appeal, explaining that he failed to do so because he had forgotten about these proceedings when preparing his complaint. But he argued that he was not required to list the civil action in *Meeks v. Clerk of Court* because when he filed the complaint in this case, that action was still pending.

The district court overruled Meeks's objections, adopted the magistrate judge's recommendation, and dismissed the case. In its order, the court emphasized the importance of litigants providing their complete litigation history so that courts can "function properly and efficiently." Doc. 23 at 1. Because Meeks "did not fully comply" with the requirement that he provide a complete litigation history, the court concluded that the sanction of dismissal without prejudice was appropriate. *Id.* Like the magistrate judge, the district court emphasized that the dismissal would not "operate

as a dismissal with prejudice because there is no indication that the statute of limitations has run." *Id.* at 2.

This is Meeks's appeal.

## II.

We review for abuse of discretion a district court's decision to dismiss a case for a party's failure to comply with the court's rules. *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025). An abuse of discretion occurs when "the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Id.* (citation modified).

We liberally construe a *pro se* litigant's pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We also liberally construe briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

Under the Prison Litigation Reform Act ("PLRA"), when a prisoner files a civil action seeking redress from an officer or employee of a governmental entity, the district court must review the complaint "as soon as practicable." 28 U.S.C. § 1915A(a). If it finds that the complaint "is frivolous, malicious, or fails to state a claim," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. *Id.* § 1915A(b).

The PLRA also limits when a prisoner bringing a civil action may proceed *in forma pauperis*. *Id.* § 1915(g). A prisoner who has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" generally cannot proceed *in forma pauperis*. *Id.* Instead, he usually must "prepay the entire filing fee" for a federal court to consider his lawsuit or appeal.[3] *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When a plaintiff proceeds *in forma pauperis*, a district court must dismiss the complaint if it finds that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To aid in the enforcement of the PLRA's limitations, some district courts require a prisoner plaintiff to "disclose his litigation history on a standardized form filed alongside his complaint and signed under the penalty of perjury." *McNair*, 143 F.4th at 1305. But the PLRA "itself doesn't require such forms—or the disclosure of litigation history more generally." *Id.* at 1306. As a result, the PLRA

---

[3] Even when a prisoner has on three or more previous occasions brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim, he may proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because this exception is not relevant to the issues before us, we do not address it.

"doesn't speak to the consequences of a prisoner's failure to" provide an accurate description of his litigation history. *Id.*

"Separate and apart from the PLRA," a district court has the inherent authority to "manag[e] its own docket so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation modified). Under this authority, a court may "dismiss a case" as a sanction to "enforce its orders and ensure prompt disposition of lawsuits." *Id.* (citation modified). We have cautioned that "because of their potency, a district court's inherent powers must be exercised with restraint and discretion." *Id.* (citation modified).

When exercising its inherent authority, a court may dismiss an action with or without prejudice to refiling. "A district court may use the extreme sanction of sua sponte dismissing a case *with* prejudice pursuant to its inherent authority only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id.* (citation modified). In contrast, a dismissal *without* prejudice "doesn't require a finding of willfulness or bad faith because its consequences are less severe." *Id.* (citation modified). A district court "rarely" will be found to have abused its discretion when ordering a dismissal without prejudice "because the plaintiff is ordinarily permitted to simply refile." *Id.*

Here, the district court did not abuse its discretion in dismissing Meeks's complaint without prejudice under its inherent

authority given his failure to disclose his full litigation history.[4] The Northern District of Florida's local rules require a prisoner who is proceeding *pro se* and bringing a § 1983 claim to use the court's standardized civil-rights complaint form. *See* N.D. Fla. R. 5.7(A) (requiring a "party not represented by an attorney" to file a "complaint in a civil-rights case" using the court's form and stating that a court "ordinarily will not" consider a "complaint that is not filed on the proper form"). To complete this form, the prisoner must disclose his litigation history, including whether he previously filed a habeas petition challenging his conviction or an appeal related to a habeas petition. The form warns that if the prisoner fails to provide a complete response about his litigation history, the court may dismiss his complaint. And it requires the prisoner to certify, under penalty of perjury, that the information set forth in his complaint, including his litigation history, is true and correct. In addition, the Northern District of Florida's local rules direct that if a party fails to comply with an applicable rule or court order, the court may strike his complaint. *See* N.D. Fla. R. 41.1. We have recognized that the Northern District of Florida's local rules combined with the instructions on its civil-rights complaint form mean that a *pro se* prisoner must provide complete answers to the questions on the form regarding his litigation history. *See McNair*, 143 F.4th at 1308. And

---

[4] Because we conclude that the district court did not abuse its discretion in dismissing the complaint pursuant to its inherent authority, we do not decide whether Meeks's complaint was malicious under the PLRA.

if a prisoner fails to provide a complete response to a question regarding his litigation history, we have recognized, a district court may exercise its inherent authority to sanction him. *See id.*

Here, the district court had the inherent authority to sanction Meeks because he failed to comply with its orders and local rules when he omitted from the litigation history in his complaint that he had previously filed a federal habeas petition and appealed the dismissal of the petition. We further conclude that the district court did not abuse its discretion when it dismissed his complaint without prejudice. *See id.* (recognizing dismissal without prejudice in similar circumstances was not an abuse of discretion). In reaching this conclusion, we emphasize that the dismissal was *without* prejudice, meaning that Meeks may file a new complaint bringing the same § 1983 claims.

Accordingly, we affirm the district court's judgment.

**AFFIRMED.**